# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN A. JUST, | No. 3:18-CV-01314 |
| Plaintiff, | (Judge Brann) |
| v. | (Chief Magistrate Judge Schwab) |
| JOHN E. WETZEL, *et al.*, | |
| Defendants. | |

## ORDER

### OCTOBER 8, 2020

Plaintiff filed the instant action on March 22, 2018, and it was jointly assigned to the Honorable James M. Munley and to Chief Magistrate Judge Susan E. Schwab.[1] Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[2] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[3]

On August 27, 2020, Chief Magistrate Judge Schwab, to whom this matter is jointly assigned, issued a thorough report and recommendation (Doc. 46)

---

[1] In March 2020, this case was reassigned to me, following Judge Munley's death.
[2] 28 U.S.C. 636(b)(1)(B).
[3] 28 U.S.C. 636(b)(1).

recommending that Defendants' motion for partial summary judgment (Doc. 38) be granted.

Plaintiff filed objections to the report and recommendation on September 7, 2020.  When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[4] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent that it deems proper.[5]  For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[6]  Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[7]

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. I have

---

[4] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.2011).
[5] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).
[6] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).
[7] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

conducted a de novo review here and found no error.  Chief Magistrate Judge Schwab appropriately found that the alleged discriminatory verbal abuse engaged in by the relevant Defendants did not rise to the level of a constitutional violation.

Plaintiff further objects to dismissal of Count 2 of his complaint, which is based on alleged anti-Semitic conduct.  Plaintiff alleges that this conduct is "inseparable from and inextricably intertwined with" the physical abuse and assault alleged in Count 1 of the complaint.[8]  This argument, however, is undermined by Plaintiff's own choices.  He chose to separate Count 1 (based on excessive force) from Count 2 (based on non-physical interactions).[9]  Having done so, his assertion that the Magistrate Judge erred in doing the same lacks merit.

Plaintiff is master of his own pleading; by the same token, he is bound by the decisions he made when crafting the allegations.  The Chief Magistrate Judge respected and worked within the confines of Plaintiff's choices when analyzing his claims.  Plaintiff must live with the consequences of his pleading and proceed with his claims under Count 1, while his claims under Count 2 end here.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Schwab's August 27, 2020 Report and Recommendation (Doc. 46) is **ADOPTED in full**.

---

[8] Doc. 48 at 8.
[9] *See* Doc. 8.

2. Defendants' motion for partial summary judgment (Doc. 38) is **GRANTED**.

3. The case is referred back to Chief Magistrate Judge Schwab for further proceedings.

                                      BY THE COURT:

                                      *s/ Matthew W. Brann*
                                      Matthew W. Brann
                                      United States District Judge